523 P.2d 487

**FARMERS INVESTMENT COMPANY, a corporation, Petitioner,**

v.

**PIMA MINING COMPANY, a corporation; Andrew L. Bettwy, State Land Commissioner; State Land Department; the Honorable Robert O. Roylston, Judge of the Pima County Superior Court; and the Pima County Superior Court, Respondents.**

**No. 11439.**

Supreme Court of Arizona, In Banc.

June 19, 1974.

Rehearing Denied July 16, 1974.

Snell & Wilmer by Mark Wilmer, Loren W. Counce, Jr., Phoenix, for petitioner.

Verity & Smith by John C. Lacy, Tucson, Musick, Peeler & Garrett by Bruce A. Bevan, Jr., Los Angeles, Cal., for respondent Pima Mining Co.

Gary K. Nelson, Atty. Gen. by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for respondents Andrew L. Bettwy and State Land Dept.

STRUCKMEYER, Justice.

Petitioner, Farmers Investment Company, brought this special action to review a ruling of the Superior Court granting respondent Pima Mining Company's motion for summary judgment and denying its motion for partial summary judgment. We accepted jurisdiction pursuant to Article 6, § 5, subsec. 4, of the Constitution of Arizona, A.R.S. to resolve the question whether

a lease from the State Land Department to Pima Mining Company is void contrary to those provisions of Arizona's Constitution and Enabling Act requiring the leasing of certain public lands at public auction.

 The following facts are material to the determination of this action. On October 24, 1966, the State Land Department of the State of Arizona executed a 10-year lease herein designated as Lease No. 906, whereby 319 acres within the Sahuarita-Continental Critical Groundwater Area were leased to the Pima Mining Company. Farmers Investment owns and farms approximately 7,000 acres within the Critical Groundwater Area of the asserted value of fifty million dollars. A substantial part of its acreage is contiguous to or near the leased lands. It has a right in the waters percolating beneath the soil, which is common to all the overlying landowners within the groundwater area. State ex rel. Morrison v. Anway, 87 Ariz. 206, 349 P.2d 774 (1960). A critical groundwater area is a groundwater basin not having sufficient ground water to provide a reasonably safe supply at the current rates of withdrawal so that the addition of other users must necessarily deplete the supply of existing users. Jarvis v. State Land Dept. and City of Tucson, 106 Ariz. 506, 479 P.2d 169 (1970).

The lease by its terms provides that the Pima Mining Company will pay $10.00 per year "or one cent per 1,000 gallons of water removed, whichever is greater." Pima Mining Company drilled four wells on the demised lands and installed pumps and caused the water obtained thereby to be transported for use in connection with its mining and milling of copper ores. In 1972, Pima Mining Company pumped 3,163,842,000 gallons of water from beneath the land covered by Lease No. 906. The leased lands were acquired by the State of Arizona under its Enabling Act by grant from the United States Government and are approximately two miles inside the Critical Groundwater Area and seven miles from Pima Mining Company's mining and milling facilities.

Section 28 of Arizona's Enabling Act, 36 U.S.Stat. 557, 568–579, Act of June 1910, provides that the lands acquired pursuant thereto shall be held in trust by the State to be disposed of only in the manner as provided by the Act. We quote the relevant provisions of the Act:

"Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction * * *.

* * * * * *

* * * nor shall any sale or contract for the sale of any timber *or other natural product of such lands* be made, save at the place, in the manner, and after notice by publication provided for sales and leases of the lands themselves.

* * * * * *

All lands, leaseholds, timber and other *products of land,* before being offered shall be appraised at their true value, and no sale or other disposal thereof shall be made for a consideration less than the value so ascertained, * * *."

(Emphasis added)

And:

"Every sale, lease, conveyance, or contract of or concerning any of the lands hereby granted or confirmed, or the use thereof *or the natural products thereof,* not made in substantial conformity with the provisions of this Act shall be null and void, any provisions of the constitution or laws of the said State to the contrary notwithstanding. * * *." (Emphasis added)

The Arizona Constitution provides by Article 10, § 1, that all lands transferred to the State under the provisions of the Enabling Act shall be held in trust to be disposed of only in the manner as is provided in the Enabling Act and the Constitution of Arizona. It also repeats in §§ 3 and 8 of Article 10 all of the foregoing prohibitions and injunctions.

In 1915, in similar language to what is now A.R.S. § 37–481, the Legislature provided:

"The state land department shall conserve, sell or otherwise administer the timber products, stone, gravel *and other products and property* upon lands belonging to the state under rules and regulations not in conflict with the enabling act and the constitution * * *." A.R.S. § 37–481. (Emphasis added)

We first observe that there is no contention that the lease under attack is a mineral lease. Minerals are expressly excepted in § 28 and are subject to disposition as provided by the Legislature of the State. See A.R.S. § 27–231 et seq.

Pima Mining Company argues that this is a "commercial" lease which is exempt from the prohibitory provisions of the Enabling Act. This argument is predicated upon the amendment of § 28 by Congress on June 2, 1951, 65 Stat. 51. The amendment reads in its relevant part:

"Nothing herein contained shall prevent: 1) the leasing of any of the lands referred to in this section, in such manner as the Legislature of the State of Arizona may prescribe, for grazing, agricultural, commercial, and homesite purposes, for a term of ten years or less; * * *."

However, the entitlement of this lease as a "commercial" lease does not add anything to the legal position of the parties. The real purpose and effect of a transaction determines its true character, Hervey v. Rhode Island Locomotive Works, 93 U.S. 664, 23 L.Ed. 1003 (1877), and the character of a contract must be determined by its provisions rather than its label, Employer's Liability Assurance Corp. v. Lunt, 82 Ariz. 320, 313 P.2d 393 (1957). The instrument, while entitled "commercial" lease, is plainly and obviously a vehicle by which the State Land Department sells for one cent per 1,000 gallons any water removed from the lands demised.

This language of Congress used in § 28 of the Enabling Act does not permit the exclusion of water from the term "product of the land":

"Disposition of any of said lands, or of any money *or thing of value* directly or indirectly derived therefrom * * * contrary to the provisions of this Act, shall be deemed a breach of trust." (Emphasis added)

Water is a thing of value directly derived from the land to be considered as a product of the land within the meaning of the Constitution and Enabling Act.

We hold that the most cursory reading of the Enabling Act and Constitution compels the conclusion that water beneath the soil is a product of the land. As such, it must be sold to the highest and best bidder at public auction in the same manner as timber, stone and gravel. State Land Department v. Tucson Rock and Sand Co., 107 Ariz. 74, 481 P.2d 867 (1971).

Petitioner presented two questions of asserted public importance justifying the intervention of this Court. As stated, we accepted jurisdiction to resolve only the question as to whether State Land Department Lease No. 906 to Pima Mining Company was void as contrary to the provisions of the Constitution and Enabling Act. We considered that the question pertaining to whether the State Land Department or the State Land Commissioner could lease lands within a critical groundwater area upon which to sink wells and pump water for use outside the area cannot be resolved at this time in the light of Pima Mining Company's affirmative defenses. We express no opinion as to whether the doctrine of reasonable use must be applied to Pima Mining Company's withdrawal of water from the lands the subject matter of Lease 906. We also express no opinion at this time as to the validity of the State Land Department's Leases Nos. 907–01 and 907–02.

We expressly hold that the State Land Department Lease No. 906, being in

violation of the Arizona Constitution and the Act of Congress as expressed in Arizona's Enabling Act is null and void. The orders of the Superior Court of Pima County granting respondent Pima Mining Company's motion for summary judgment and denying petitioner's motion for partial summary judgment are ordered vacated and set aside.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.